# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DESMOND ARNEZ MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-2891 SPM |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Desmond Arnez Mills, who is currently detained at St. Louis County Justice Center, to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $7.87. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal cases against plaintiff that arises out of the same facts.

## Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against false arrest and false imprisonment. He states that he believes several St. Louis City Police Officers tampered with evidence at the scene of a homicide.

Purportedly, plaintiff's cell phone was found at the scene of a murder, and plaintiff believes that his purported cell phone was moved by police to two separate locations relating to the murder in order to implicate plaintiff in the murder of the victim. Plaintiff further alleges, by way of the exhibits attached to his complaint, that he was unlawfully detained in an attempt to

pin him to the crime, maliciously prosecuted in a criminal action for murder, and not properly informed of his *Miranda* rights at the time of his purported arrest by Police Officers Thomas Mayer and Gregory W. Klipsch.[1] Plaintiff also asserts claims of false arrest and imprisonment.

The probable cause statement sworn in support of the criminal complaint by Detective Mayer states as follows:

1. I have probable cause to believe that Desmond Arnez Mills, a Black/African American Male DOB ------- Age: 32, committed one or more criminal offense(s).

   Count 1: Murder 1st Degree (Class A Felony) RSMo 565.020
   On 11/2/2016 Time: 9:30 AM Place: 2000 Winnebago
   (SCC 565.020-001Y198409)

   Count 2: Armed Criminal Action (Felony) RSMO 571.015
   On 11/2/2016 Time: 9:30 AM Place: 2000 Winnebago
   (SCC571.015-001Y197552)

   Count 3: Shoot Firearm at Mv/per/bldg-prior (Class B Felony) RSMO 571.030
   On 11/2/2016 Time: 9:30 AM Place: 2000 Winnebago
   (SCC571030-002Y200352)

   Count 4: Possession of a Firearm (Class C Felony) RSMO 571.070
   On 11/2/2016 Time: 9:30 AM Place: 2000 Winnebago
   (SCC571070-001Y200852)

2. The facts supporting this belief are as follows:

   Victim Douglas Coats was found dead in a blue 2008 Chevrolet Impala. He had one gunshot wound through the neck. Located at the scene were one .45 caliber shell casing and the defendant's phone. The defendant subsequently beat his girlfriend with a Glock .45 pistol. It was later determined that the cartridge found at the scene matched the Glock .45 pistol used in the assault. The defendant and the victim knew each other and had argued only hours before the murder. The defendant is a convicted felon in that on September 30, 2005, he was convicted of trafficking in the second degree in the Circuit Court of the City of Saint Louis.

---

[1] A probable cause statement was filed on March 10, 2017, by Detective Thomas Mayer, in support of a criminal complaint filed in *State v. Mills*, No. 1722-CR01106-01 (22nd Judicial Circuit, St. Louis City Court). On March 10, 2017, plaintiff was charged with Murder in the 1st Degree, Armed Criminal Action, Unlawful Possession of a Firearm and Discharge of a Firearm from a Motor Vehicle.

A grand jury indictment was filed on June 13, 2017. *State v. Mills,* No.1722-CR01106-01 (22nd Judicial Circuit, St. Louis City Court). Plaintiff criminal trial is currently set for July 23, 2018.

Plaintiff brings this § 1983 action, alleging that defendants, the City of St. Louis, fourteen separate City of St. Louis Police Detectives, St. Louis Mayor Krewson and "Unknown Alderman," violated his right to be free of unlawful evidence tampering.[2] Plaintiff also claims he was falsely arrested and falsely imprisoned. Plaintiff further alleges he was denied a proper *Miranda* warning prior to his police interview.[3]

**Discussion**

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted (or files

---

[2] It appears that plaintiff's "witness tampering argument" is nothing more than an assertion that defendants are attempting to maliciously prosecute him. In a pair of 2001 decisions, the Eighth Circuit Court of Appeals observed that malicious prosecution is not a constitutional injury. *See Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) ("Moreover, this court has uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury."); *Technical Ordnance, Inc. v. United States*, 244 F.3d 641, 650 (8th Cir. 2001) ("The general rule is that an action for malicious prosecution does not state a claim of constitutional injury."). Rather, the issue of "evidence tampering" is an issue to be raised in plaintiff's criminal action on a motion to suppress evidence.

[3] The reading of *Miranda* warnings is a procedural safeguard rather than a right arising from the Fifth Amendment itself. *See Miranda v. Arizona*, 384 U.S. 436, 467 (1966). Thus, the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a § 1983 action. *See Chavez v. Martinez, 538 U.S. 760, 772 (2003); Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976); *Thornton v. Buchmann*, 392 F.2d 870, 874 (7th Cir. 1968); *Warren v. City of Lincoln*, 864 F.2d 1436 (8th Cir. 1989). And plaintiff does not state that defendants attempted to interview him after he invoked his right to counsel, thus, he has not stated a violation of his Sixth Amendment rights.

any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, plaintiff asserts a claim for false arrest, false imprisonment, as well as claims for illegal seizure, conspiracy, and a state law claim of intentional infliction of emotional distress. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id.* The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $7.87 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[4]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges, as well any appeals and post-conviction remedies, in *State v. Mills*, No. 1722-CR01106-01 (22nd Judicial Circuit, St. Louis City Court).

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days to notify the Court in writing concerning the final disposition of all criminal charges, any appeals and post-conviction remedies, in *State v. Mills*, No. 1722-CR01106-01 (22nd Judicial Circuit, St. Louis City Court).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by this Court after a ruling on plaintiff's motion to reopen the case after such final disposition.

Dated this 23rd day of May, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[4] After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).