# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DESMOND ARNEZ MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2891 SPM |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to reopen this matter. After review of plaintiff's request, as well as judicial records relating to plaintiff's state court criminal matters, the Court will decline to reopen the present action.

## Background

Plaintiff filed this action on December 15, 2017, pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment rights. Plaintiff asserted that he was falsely arrested, falsely imprisoned and that St. Louis City Police Officers tampered with evidence at the scene of a homicide.

Purportedly, plaintiff's cell phone was found at the scene of a murder. Plaintiff asserted in his complaint that his cell phone was moved by police to two separate locations in order to implicate plaintiff in the murder of the victim. Plaintiff further alleged, by way of the exhibits attached to his complaint, that he was unlawfully detained in an attempt to pin him to the crime, maliciously prosecuted in a criminal action for murder, and not properly informed of his *Miranda* rights at the time of his purported arrest by Police Officers Thomas Mayer and Gregory

W. Klipsch.[1] Plaintiff's claims in this lawsuit included: lack of probable cause; false arrest; false imprisonment; and malicious prosecution.[2]

Prior to this case being filed, an underlying criminal case was filed against plaintiff in Missouri State Court. In that case, plaintiff was charged with Murder in the 1st Degree, Armed Criminal Action, Unlawfully Shooting a Firearm at or From a Motor Vehicle, and Possession of a Firearm. *State v. Mills,* No. 1722-CR01106-01 (22nd Judicial Circuit, St. Louis City Court).

Based on the pendency of the underlying criminal case against plaintiff that arose out of the same facts, the Court stayed the § 1983 action pursuant to *Wallace v. Kato,* 549 U.S. 384 (2007). At the time it stayed the present action, plaintiff had not yet pled guilty or been sentenced to the underlying state crime. Plaintiff was instructed that he could seek to reopen the present matter after culmination of the underlying state case. The Court has reviewed the pendency of the state criminal proceedings on Missouri.Case.Net and found that a jury trial was held in his state criminal proceedings from April 8, 2019 through April 11, 2019. Plaintiff was found guilty on April 11, 2019 of Murder in the 1st Degree, Armed Criminal Action and Shooting a Firearm at or From a Motor Vehicle. Plaintiff has not yet been sentenced.

**Discussion**

Plaintiff seeks to reopen the present civil rights action to pursue his claims against defendants. However, because plaintiff has been convicted in his criminal proceedings, he cannot

---

[1] A probable cause statement was filed on March 10, 2017, by Detective Thomas Mayer, in support of a criminal complaint filed in *State v. Mills*, No. 1722-CR01106-01 (22nd Judicial Circuit, St. Louis City Court). On March 10, 2017, plaintiff was charged with Murder in the 1st Degree, Armed Criminal Action, Unlawful Possession of a Firearm and Discharge of a Firearm from a Motor Vehicle.

[2] Plaintiff also asserted that defendants City of Cape Girardeau and County of Cape Girardeau failed to train police officers in proper investigation techniques and allow officers to pursue cases without probable cause.

seek damages in this action against the current defendants for violations of his constitutional rights relating to his arrest and criminal conviction. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Simply put, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Because there is no indication in the record that plaintiff's conviction has been reversed or expunged, his civil rights case against defendants cannot be reopened at this time.

Furthermore, to the extent plaintiff can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in his ongoing state criminal proceeding, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). See also, *Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("[F]ederal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."). As such, plaintiff's request to reopen this matter must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen this matter [Doc. #9] is **DENIED as his claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)** .

**IT IS FURTHER ORDERED** that this case will remain **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition of not only his criminal action, but also all appeal and post-conviction proceedings.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this ___21st___ day of August, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE